## Hiram G. Thomas *v.* Benjamin Tappan, use, &c.

A court of equity will not grant relief on account of irregularities or errors at law.

If a forthcoming bond be quashed by a void proceeding, the bond remains in full force notwithstanding that proceeding; and an execution subsequently issued on the original judgment would be irregular, and would be superseded on application to the court from which it emanated.

The CHANCELLOR.

There was a judgment at law against the complainant as a surety of Young. An execution issued and a forthcoming bond was given by Young, in which complainant did not join. This bond was forfeited, and a *fi. fa.* issued thereon and returned *nulla bona.* Afterwards the bond was quashed, and a new execution issued on the original judgment, which is about to be made out of the complainant's property. This is the ground presented by the bill for relief, to which there is a general demurrer.

I can see nothing in the case as stated by the bill which calls for the interference of a court of equity. It is not pretended that there has been in point of fact any satisfaction of the original judgment, or that the plaintiffs at law have done any act to the prejudice of the complainant which would entitle him, as a surety, to be discharged from the debt. The bill seems to proceed upon the idea that the decision of the circuit court in quashing the forthcoming bond was irregular, and that a resort cannot therefore be had to the original judgment as against the complainant, especially as he had no notice of the motion to quash the bond. It is not my province to decide upon the regularity of the proceedings at law. That is the duty of another tribunal. If the proceeding in quashing the bond was void, the bond remained in full force notwithstanding that proceeding, and an execution on the original

Hiram G. Thomas *v.* Benjamin Tappan, use, &c.

judgment would be irregular, and would doubtless be superseded upon application to the court from which it emanated. This court has nothing to do with mere questions of error or irregularity in judgments at law.

The demurrer must be sustained, and the bill dismissed at the complainant's costs.